# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br><br>                             Petitioner,<br>v.<br><br>DOMINGO URIBE, Jr., Warden,<br><br>                            Respondent. | Civil No.   12cv473 AJB (WMc)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: PETITION FOR WRIT OF HABEAS CORPUS** |

      This Report and Recommendation (R&R) is submitted to United States District Judge Anthony J. Battaglia, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court of the Southern District of California.

## Introduction

      Manuel M. Soares (hereinafter "Petitioner"), a state inmate proceeding *pro se*, has filed a federal Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Petitioner claims that California courts and the California Department of Corrections and Rehabilitation (CDCR) have improperly denied him his earned conduct credits in violation of his due process rights. (ECF No. 1 at p. 8). Respondent filed an Answer, arguing the Court should deny the Petition with prejudice because it is untimely and procedurally barred, it fails to state a federal question, and Petitioner is not entitled to the credits he is requesting. (ECF No. 9).  Petitioner has filed a Traverse. (ECF No. 11).

Based on the documents presently before the Court and for the reasons stated below, the Court **RECOMMENDS** the Petition be **DISMISSED** with prejudice.

## Background

On July 12, 2006, a jury convicted Petitioner of corporal injury to a spouse, residential burglary, vandalism, and attempting to make a criminal threat.[1] (Lodgment 4 at 1). On September 15, 2006, the Superior Court sentenced Petitioner to a total term of nineteen years and eight months in state prison. (Lodgment 4 at 1). Petitioner filed a timely notice of appeal, but on August 24, 2007, the Fourth Appellate District, Division One, Court affirmed the judgment. (Lodgment 4 at 1). The California Supreme Court subsequently denied a petition for review of this matter. (Lodgment 4 at 1). On July 16, 2008, Petitioner filed a petition for habeas corpus in Superior Court, raising issues unrelated to the issues presented in the pending Petition.

On September 21, 2006, Petitioner entered state prison and was concurrently enrolled in the Inmate Work/Training Incentive Program (IWTIP). (Lodgment 3 at Ex. G; ECF No. 1 at p. 12). From the moment he entered the program, Petitioner believed IWTIP and California Penal Code Section 1191.3 entitled him to halftime credits, or day-for-day credits, comprised of conduct credits and worktime credits. (ECF No. 11 at p. 12).[2] Petitioner claims he participated earnestly in the IWTIP, believing his conduct credits for good behavior were placed in a "sort of credit bank account." (ECF No. 11 at p. 9).

Around June 2010, Petitioner was given a work assignment that entitled him to earn worktime credits. (Lodgment 3 at Ex. G). Petitioner claims these credits should have been paired with his already earned conduct credits to create halftime credits. (ECF No. 11 at p. 12-13). After

---

[1] Because the facts underlying Petitioner's conviction are not at issue, this R&R will not recite those facts. The Court will however set forth the background facts necessary to analyze the claim. The underlying facts of Petitioner's conviction can be found at Lodgment No. 1.

[2] Section 1191.3 states "[a]t the time of sentencing or pronouncement of judgment in which sentencing is imposed, the court shall make an oral statement that statutory law permits the award of conduct and worktime credits up to one-third or one-half of the sentence that is imposed by the court . . . ." Prisoners receive conduct credits for their good behavior while in prison and worktime credits for participation in work assignments. *Carrizosa v. Woodford*, 2007 U.S. Dist. LEXIS 72962, *11, 15 (S.D. Cal. Sept. 28, 2007). Petitioner argues that under Section 1193.1, these two kinds of credits are to automatically be combined to make halftime, or day-for-day credits, which would cut his sentence in half. (Lodgment 1 at 9).

receiving his work assignment, Petitioner heard some inmates discussing issues with the CDCR and credits and decided to file an administrative grievance on June 1, 2010 to ensure he was receiving his previously earned conduct credits. (ECF No. 1 at pp. 9, 12). CDCR found Petitioner was not entitled to halftime credits under California Penal Code Section 1191.3 and denied Petitioner's administrative appeal at the Director's Level on December 28, 2010. (Lodgment 3 at Ex. G).

In the Habeas Petition now pending before the court, Petitioner claims he has a protected liberty interest in the allegedly earned conduct credits, which the courts and CDCR are denying him in violation of his due process rights. (ECF Nos. 1 & 11). Soares filed a petition on these grounds in San Diego Superior Court on April 30, 2011, and the court denied his petition as untimely, without merit, and successive. (Lodgement Nos. 3 & 4). His second petition to the California Court of Appeal on July 20, 2011 was denied because it was untimely and without merit. (Lodgement Nos. 5 & 6). Petitioner's third petition to the California Supreme Court on August 22, 2011 was dismissed in a silent denial. (Lodgement Nos. 7 & 8). Petitioner's federal habeas Petition was filed on February 24, 2012. (ECF No. 1).

**Chronology**

The following table presents a summary of the dates relevant to the statute of limitations.

| Date | Event |
| --- | --- |
| September 15, 2006 | Superior Court sentences Petitioner to nineteen years and eight months in prison. (Lodgment 4 at p. 1) |
| September 21, 2006 | Petitioner's prison term begins and he is entered into the IWTIP. (Lodgment 3 at. Ex. G) |
| September 21, 2006 | **Statute of Limitations begins to run**. |
| June 21, 2007 | Petitioner files state habeas proceedings unrelated to current proceeding (no tolling). (No. 08-cv1288, ECF No. 1 at Ex. F, p. 1). |
| September 21, 2007 | **Petitioner's statute of limitations expires.** |
| February 12, 2008 | Petitioner's underlying conviction becomes final. (Lodgment 2). |
| June 1, 2010 | Petitioner files administrative appeal on the current issue regarding the accumulation of his conduct credits (no tolling). (Lodgment 3 at Ex. G). |
| February 24, 2012 | Petitioner files current Federal Petition. (Lodgment 1). |

**Standard of Review**

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, created a one-year statute of limitations for the filing of a federal habeas petition by a state prisoner. The applicable statute of limitations is set forth in 28 U.S.C. Section 2244(d) as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) *the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence* (emphasis added).
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2012).

**A.  Statutory Tolling**

The time during which a properly filed application for state post-conviction relief or other collateral review is pending is not counted toward the AEDPA's one-year statute of limitations. 28 U.S.C. § 2244(d)(2). Accordingly, the statute of limitations is tolled while a state prisoner is attempting, through proper use of state court procedures, to exhaust state remedies with regard to a particular post-conviction application. *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir. 1999) (quoting and adopting the holding in *Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir. 1999)). The limitations period is also tolled during intervals between a state court's disposition of a state habeas petition and the filing of an appeal or petition at the next state appellate level. *Nino*, 183 F.3d at 1004.

"Section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Therefore, state petitions or other collateral reviews filed *after* the expiration of AEDPA's one year statute of limitations cannot toll the statute of limitations. *Id.*

Federal habeas petitioners cannot rely on a state statute of limitations rather than AEDPA's statute of limitations. *Id.* Because federal habeas relief is a federal remedy, "Congress is entitled to promulgate rules governing that federal remedy, including the statute of limitations embodied in Section 2244(d)." *Nguyen v. Yates*, No. 09-4128, 2010 U.S. Dist. LEXIS 61968, at *23-24 (C.D. Cal. Apr. 29, 2010). To allow federal petitioners to follow limitations and tolling provisions from their respective states would lead to the inconsistent application of AEDPA. *Ferguson*, 321 F.3d at 823. "AEDPA's one year statute of limitations, even if in tension with a longer state statute of limitations, does not render federal habeas an inadequate or ineffective remedy." *Id.*

## Discussion

For the following reasons, the Court finds Petitioner is not entitled to habeas relief as the instant Petition is time-barred because it was filed after expiration of AEDPA's one-year statute of limitations period. In addition, the Court finds no showing of statutory or equitable tolling which would bring the instant Petition within the limitations period. The Court therefore recommends Petitioner's application for writ of habeas corpus be **DISMISSED** with prejudice.

### A.    The Petition is Untimely

The parties contest when the statute of limitations began to run in this case. Respondent contends the statute of limitations commenced when Petitioner's conviction became final on February 12, 2008. (ECF No. 9 at p. 19). Petitioner contends the statute of limitations did not begin to run until he was given a work assignment in May of 2010, which triggered his ability to earn worktime credits. (ECF No. 11 at p. 5). Petitioner argues that, because he could not receive halftime credits until he received worktime credits, he had no reason to believe he would not receive conduct credits *until* he started receiving worktime credits.

The Court finds the reasoning of the State Superior Court and Court of Appeal instructive. These courts held that under Section 2244(d)(1)(D), the Petitioner should have known he was not

1  receiving his credits upon entering the IWTIP. For example, the Superior Court noted that Petitioner
2  admitted to being placed into the IWTIP program when he entered prison, and therefore should have
3  been aware of his credit-earning status at that time. (Lodgment 4 at 3) ("Petitioner also admits that
4  he believed he was immediately placed into the IWTIP program when he entered prison, which
5  would have been in 2006."). The state court further states that Petitioner certainly knew, or should
6  have known, of his credit-earning status when he filed his first round of state habeas petitions in
7  2007. (Lodgment 4 at 3).  Similarly, the Court of Appeal stated that "Petitioner entered prison in
8  2007 [sic], and, according to him, was immediately placed into the Program. This petition, filed
9  almost five years later, is untimely." (Lodgment 6 at 1).

10  Under Section 2244(d)(1)(D), the statute of limitations period began to run on the date on
11  which the factual predicate of the claim or claims presented could have been discovered through the
12  exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D) (2012). "Time begins when the prisoner knows
13  (or through due diligence could discover) the important facts, not when the prisoner recognizes their
14  legal significance." *Hasan v Galaza*, 254 F.3d1150, 1154 n.3 (9th Cir. 2001).

15  Petitioner should have known the factual predicate for his claims shortly after entering prison
16  and the IWTIP in September of 2006. Petitioner claims he thought upon entering prison his conduct
17  credits were being placed in "a sort of credit bank account," and that he had no reason to believe the
18  CDCR was not giving him the credits. (ECF No.11 at p. 1). However, Petitioner did not inquire as to
19  the balance of this non-existent account until three years and eight months after entering prison.
20  Plaintiff was not diligent and offers no explanation as to why he did not track his conduct credits for
21  over three years.

22  It should also be noted Petitioner was never qualified to receive the conduct credits to which
23  he claims entitlement. Petitioner argues California Penal Code Section 1191.3 entitles him to reduce
24  his sentence by one-half. Under Section 1191.3, the sentencing court announced at sentencing that
25  "statutory law permits the award of conduct and worktime credits up to one-third or one-half of the
26  sentence that is imposed by the court." Cal. Penal Code § 1191.3(a) (West 2012) This section,
27  however, only directs the sentencing court to explain that the law permits an inmate to obtain up to
28  half off his sentence. *Id.*; *Carrizosa v. Woodford*, 2007 U.S. Dist. LEXIS 72962, at *11 (S.D. Cal.

Sept. 28, 2007). Thus, the statement informs an inmate that he may be eligible for credits ranging from zero to fifty percent, not that he is automatically entitled to fifty percent. 2007 U.S. Dist. LEXIS 72962 at *11.

Petitioner's ability to earn credits is governed by California Penal Code Section 2933.1(a), which states "any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credits." Cal. Penal Code § 2933.1(a) (West 2012). Because Petitioner was convicted of one count of residential burglary under California Penal Code Sections 459 and 460, (Lodgment 4 at 1, 4), he falls within the parameters of Section 2933.1(a) and can only receive fifteen percent of *worktime* credits. Cal. Pen. Code. § 667.5(c)(21) ("Any burglary of the first degree, as defined in subdivision (a) Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary."); *Carrizosa*, 2007 U.S. Dist. LEXIS 72962, *12-13 (holding Section 2933.1(a) makes a qualifying prisoner "statutorily ineligible" to receive conduct credits). With due diligence, Petitioner could have learned he was not entitled to conduct credits when the Section 2933.1 credit-earning rate was assigned to him at sentencing on September 15, 2006 or upon entering the IWTIP on September 21, 2006. *See Nivette v. Marshall*, No. 09-1173, 2010 WL 4323020, *3 (E.D. Cal. Oct. 26, 2010) (recommending dismissal of habeas petition as untimely because prisoner did not file petition within one year after the CDCR assigned him a fifteen-percent earning rate).

Petitioner claims the "CDCR does not regularly pass out documents setting forth the amount of credits a person is getting," and therefore he did not have any notice regarding the credits he was earning. However, it is not the CDCR's responsibility to provide each prisoner notice regarding their credit-earning status.[3] Petitioner was aware that he was placed into the IWTIP on September 21, 2006 and believed he was receiving conduct credits. With the exercise of due diligence, he would have discovered he was not entitled to conduct credits, the factual predicate of his claim, in

---

[3] According to the "Inmate Work Supervisor's Handbook" attached to Petitioner's state habeas petition to the Superior Court, the staff's responsibilities are to "ensure the effectiveness of this program and . . . familiarize themselves with the IWTIP." (Lodgment 3 at Exhibit B, p. 17). None of Petitioner's Exhibits demonstrate a responsibility on the part of staff to provide notice to prisoners regarding their credit-earning status.

2006. Accordingly, the one-year limitations period began to run on **September 21, 2006**, and expired on **September 21, 2007**. Petitioner did not file his federal habeas Petition until **February 24, 2012**. Absent sufficient tolling of the limitations period, the Petition is untimely.

Under 28 U.S.C. Section 2244(d), "[t]he limitation period shall run from the *latest* of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d) (emphasis added). Because the date Petitioner's conviction became final occurred after the date on which the factual predicate arose, it can be argued Petitioner's final conviction date should be used for the AEDPA statute of limitations calculation. Here, Petitioner's conviction became final on February 12, 2008, which is 90 days after the California Supreme Court denied review. (Lodgment 2). Analyzing the statute of limitations period using this date under Section 2244(d)(1)(a), which is the calculation posited by the Government in its Answer, Petitioner's filing would still be outside the limitations period. Under this scenario, the limitations period began to run on **February 12, 2008** and expired on **February 12, 2009.** Therefore, the Petition, filed on **February 24, 2012**, is still untimely.

**B.     Statutory Tolling**

The statute of limitations for a federal habeas petition may be tolled while a "properly filed" state habeas corpus petition or other collateral review is "pending." 28 U.S.C. § 2244(d)(2). Any petitions for review filed after the expiration of AEDPA's one-year statute of limitations cannot be applied retroactively to toll the statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). The statute of limitations began running in this case when Petitioner entered prison on September 21, 2006 and expired on September 21, 2007. Petitioner's state habeas petitions filed in 2007 do not toll the statute of limitations for the instant Petition regarding IWTIP credits because the 2007 filings raised issues regarding ineffective assistance of counsel and improper jury instruction, which are unrelated to the current Petition. (No. 08-cv1288, ECF No. 1 at Exhibit F p. 1).[4] Because

---

[4] For these unrelated issues, Petitioner filed his first petition for habeas corpus with the Superior Court on July 21, 2007, but had to refile on October 29, 2007 because his case was still on appeal in July. (No. 08-cv1288, ECF No. 1 at Ex. F, p. 1). His petitions were denied by the Superior Court on December 20, 2007, the Court of Appeal on April 9, 2008, and

Petitioner did not file any state petitions for review until 2010 (almost three years after the expiration of the statute of limitations), the statute of limitations is not tolled. *Ferguson*, 321 F.3d at 823.[5]

Petitioner argues he is entitled to receive tolling under California Code of Civil Procedure Sections 352 and 352.1. Specifically, Section 352.1 affords two years of tolling to prisoners serving terms of less than life. Cal. Civ. Proc. Code § 352.1 (West 2012). Section 352 provides minors and the insane complete tolling during the time of their disability. Cal. Civ. Proc. Code § 352 (West 2012). Petitioner asserts that because he suffers from two recognized disabilities – imprisonment and insanity – he is entitled to complete tolling under California Code of Civil Procedure Section 358. Cal. Code Civ. Pro. § 358 (West 2012) ("When two or more disabilities coexist at the time the right of action accrues, the limitation does not attach until they are removed."). Plaintiff, however, is not entitled to the application of state tolling statutes because the present case is a federal lawsuit governed by Section 2254 and its attendant federal statute of limitations. *Nguyen v. Yates*, No. 09-4128, 2010 U.S. Dist. LEXIS 61968, at *23-24 (C.D. Cal. Apr. 29, 2010). Sections 2254 and 2244 do not recognize the tolling provided under California Code of Civil Procedure Sections 352.1, 352, or 358. Therefore, Petitioner is not entitled to any additional statutory tolling provided by state law.

In sum, the Section 2244(d)(2) tolling did not extend Petitioner's limitations period past September 21, 2007. The statute of limitation period expired almost three years before he sought administrative review of his claim for conduct credits in June 2010. Furthermore, under federal law Petitioner's claims for state-based statutory tolling are without merit. The Petition, therefore, remains untimely by over four years.

**C. Equitable Tolling**

Although Petitioner does not specifically request equitable tolling, the Court will analyze his mental impairment claim under equitable tolling guidelines. The Ninth Circuit has held that the

---

the Supreme Court on June 18, 2008. (No. 08-cv1288, ECF No. 1 at Ex. F p. 1). Petitioner filed his federal habeas petition with respect to the unrelated claims on July 16, 2008. (Lodgment 1).

[5] This is also true for the alternative statute of limitations calculation using Petitioner's conviction date as the starting date on which the statute begins to run. Under that scenario, the statute of limitations began to run on February 12, 2008 and expired on February 12, 2009. Therefore, the petitions for review filed in 2010 do not toll the statute of limitations in this scenario.

-9-

AEDPA's one-year statute of limitations is subject to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (citing *Miles v. Prunty*, 187 F.3d 1104, 1007 (9th Cir. 1999)). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)). The burden is on the Petitioner to prove whether any "extraordinary circumstances" were the cause of any untimeliness, rather than merely a lack of diligence on Petitioner's part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman*, 319 F.3d at 1203.

To be eligible for equitable tolling due to mental impairment, a Petitioner must satisfy a two-part test:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (internal citations omitted). Participation in a prison's mental health program does not "establish the requisite severity of mental impairment." *Alvarado v. Neotti*, 2012 U.S. Dist. LEXIS 78789, *8-9 (C.D. Cal. Mar. 28, 2012).

In his Traverse, Petitioner argues he is entitled to statutory tolling under California Code of Civil Procedure Section 352 by virtue of his placement in the CDCR Mental Health Services Program upon entering prison in 2006. (ECF No. 11 at p. 8). Petitioner does not demonstrate his mental impairment was an extraordinary circumstance beyond his control. He does not explain the circumstances of his impairment or how the impairment stood in his way of filing. He also provides no psychiatric records detailing his illness, or evidence of his enrollment in the Program. In fact, Petitioner's claim of mental impairment is contradicted by the record, which reflects that Petitioner

was mentally capable of exhausting state remedies and did in fact file a previous and unrelated federal habeas petition in 2007.

"The mere fact that Petitioner may have received mental health services while incarcerated is not sufficient to meet Petitioner's burden of establishing the two requisite elements of the equitable tolling doctrine." *Reyes v. Marshall*, 2011 U.S. Dist. LEXIS 43456, *6 (C.D. Cal. April 19, 2011). Petitioner has not explained or presented any evidence regarding the nature, extent, or effect of his impairment and he has failed to establish any causal relationship between his alleged mental health issues and his delay of over four years after his limitations period expired in seeking federal habeas relief. Therefore, he has not met his burden of showing that equitable tolling is warranted, and his Petition remains untimely by over four years.

### Conclusion and Recommendation

For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) entering judgment dismissing the Petition for Writ of Habeas Corpus with prejudice for failure to file within the one-year statute of limitations.

**IT IS ORDERED** that no later than **December 19, 2012**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 2, 2013**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1553, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: November 27, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge, U.S. District Court

-11-