UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br><br>　　　　　Petitioner,<br>v.<br><br>DOMINGO URIBE, Jr., Warden,<br><br>　　　　　Respondent. | Case No.: 12cv473 AJB (WMC)<br><br>ORDER:<br>(1) ADOPTING IN FULL THE REPORT AND RECOMMENDATION; and<br>(2) DENYING AND DISMISSING PETITION FOR HABEAS CORPUS<br><br>(Doc. Nos. 1, 12) |

On February 24, 2012, Manuel M. Soares ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. No. 1.) Petitioner claims that the California courts and the Department of Corrections and Rehabilitation improperly denied him his earned conduct credits in violation of due process. (*Id*. at 8.) Respondent filed an Answer, arguing that the Court should deny the Petition with prejudice because it is untimely, procedurally barred, and failed to state a federal question because Petitioner is not entitled to the requested credits. (Doc. No. 9.) Petitioner filed a Traverse on July 11, 2012. (Doc. No. 11.)

The Court referred the matter to Magistrate Judge William McCurine, Jr., who issued a Report and Recommendation. The Report and Recommendation concluded that the Petition was time-barred, and that statutory or equitable tolling was inappropriate. The report also recommended that the Court dismiss the Petition. The Parties were instructed to file written objections to the Report and Recommendation no later than December 19, 2012, and replies no later than January 2, 2013. The Parties were further advised that failure to file objections within the specified time may waive the right to raise those objections on appeal. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

## *DISCUSSION*

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation.  The district judge must "make a *de novo* determination of those portions of the report to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Here, neither party has timely filed objections to Magistrate Judge McCurine's Report and Recommendation.  Having reviewed the Report and Recommendation, the Court finds the report is thorough, well reasoned, and contains no clear error.  The Court also finds that the Petitioner has failed to demonstrate that the Petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

## *CONCLUSION*

Accordingly, the Court hereby: (1) **ADOPTS IN FULL** Magistrate Judge McCurine's Report and Recommendation; (2) **DENIES** the Petition on the merits, and (3) **DECLINES** to issue a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

DATED:  January 3, 2013

Hon. Anthony J. Battaglia
U.S. District Judge

---

[1] A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).