1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br><br>                Petitioner,<br><br>v.<br><br>MATTHEW CATE, Secretary,<br>Department of Corrections,<br><br>            Respondent. | Case No.: 12cv473 AJB (WMC)<br><br>ORDER:<br><br>1) ADOPTING IN PART THE REPORT AND RECOMMENDATION, (Doc. No. 12);<br><br>(2) REJECTING IN PART AND SUSTAINING IN PART PETITIONER'S OBJECTIONS, (Doc. Nos. 16, 21);<br><br>(3) DENYING AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, (Doc. No. 1); AND<br><br>(4) DENYING CERTIFICATE OF APPEALABILITY |

On February 24, 2013, Manuel M. Soares ("Petitioner"), a state prisoner proceed-ing pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition").  (Doc. No. 1.)  The Petition alleged that the California courts and the Department of Corrections and Rehabilitation improperly denied him his earned conduct credits in violation of due process.  (*Id*. at 8.)  On January 31, 2013, the Court issued an order setting the briefing schedule regarding Petitioner's motion for reconsideration and the filing of objections to the Report and Recommendation ("R&R") issued by Magistrate

Judge William McCurine, Jr.[1]  (Doc. No. 17.)  In doing so, the Court specifically instructed Petitioner to address: (1) why the Petition is not time barred; (2) why statutory tolling is applicable; and (3) why equitable tolling is applicable.  Petitioner filed objections to the R&R on March 15, 2013, (Doc. No. 21), and Respondent filed a reply on April 9, 2013, (Doc. No. 26).

Presently before the Court is the Petition, the R&R, Petitioner's motion for reconsideration, Petitioner's  objections to the R&R, and Respondent's reply.  Accordingly, for the reasons stated below, the Court ADOPTS IN PART the R&R, (Doc. No. 12), DENIES Petitioner's request for reconsideration, (Doc. No. 16), OVERRULES Petitioner's objections, (Doc. No. 21), DENIES and DISMISSES the Petition, (Doc. No. 1), and DECLINES to issue a certificate of appealability.

## **BACKGROUND**

On July 12, 2006, a jury convicted Petitioner of: (1) corporal injury to a spouse; (2) residential burglary; (3) vandalism; and (4) attempting to make a criminal threat.[2] (Lodgment 4 at 1.)  On September 15, 2006, the Superior Court sentenced Petitioner to a term of nineteen years and eight months in state prison.  (Lodgment 4 at 1.)  On September 21, 2006, Petitioner entered state prison and was concurrently enrolled in the Inmate Work/Training Incentive Program (IWTIP). (Lodgment 3 at Ex. G; Doc. No. 1 at 12).  However, Petitioner was not given a job assignment at that time.  (Doc. No. 21 at 2.)

Petitioner filed a timely notice of appeal of his underlying conviction, but on August 24, 2007, the California Court of Appeal affirmed the judgment.  (Lodgment 4 at 1.)  On November 14, 2007, the California Supreme Court denied a petition for review. (*Id.*)  Since Petitioner's conviction became final on February 12, 2008, (ninety days after the California Supreme Court denied the petition for review), Petitioner has filed at least

---

[1] The Court construed Petitioner's late objections to the R&R, which were filed after the Court adopted the R&R, as a request for reconsideration.  (Doc. No. 17.)  As a result, Petitioner was allowed to file objections to the R&R.

[2] Because the facts underlying Petitioner's conviction are not at issue in the instant Petition, the Court does not set forth such facts.

1    five habeas petitions in the Superior Court, all of which were denied for various reasons.

2    (Doc. 1, Ex. H at 1:27-2:1.)  Petitioner has also filed a habeas petition in the California

3    Court of Appeal, which was denied on April 9, 2008.  (*Id.* at 2:1-3.)  On June 18, 2008,

4    the California Supreme Court denied review of Petitioner's state habeas petition, and on

5    March 3, 2009, the California Court of Appeal denied Petitioner's request for reconsider-

6    ation of its January 10, 2008 order.  (*Id*. at 4-8.)  All of these petitions raised issues

7    unrelated to the issues presented in the pending Petition.[3]

8         Thereafter, in or around May or June 2010, Petitioner was moved to Group A1-A,

9    and given a work assignment that entitled him to earn worktime credits.  (Lodgment 3,

10   Ex. G.)  After receiving his work assignment, Petitioner heard some inmates discussing

11   issues with the California Department of Corrections and Rehabilitation ("CDCR") and

12   decided to file an administrative grievance on June 1, 2010 to ensure he was receiving his

13   previously earned conduct credits.  (Doc. No. 1 at 9, 12.)  CDCR found Petitioner was not

14   entitled to halftime credits under California Penal Code Section 1191.3, and denied

15   Petitioner's administrative appeal after each of Petitioner's three requests.  (Lodgment 3,

16   Ex. G.)

17        On April 30, 2011, Petitioner filed a habeas petition in Superior Court, raising for

18   the first time the claim that he was not receiving custody credit at the rate determined by

19   the CDCR in violation of his due process rights.  (Lodgment 3).  The Superior Court

20   denied the petition on July 1, 2011, finding it untimely, without merit, and successive.

21   (Lodgement 4.)  Petitioner then filed a petition with the California Court of Appeal on

22   July 20, 2011.  (Lodgement 5.)  The California Court of Appeal denied the petition on

23   August 8, 2011, stating that: (1) Petitioner was barred from bringing numerous, piece-

24   meal petitions in an effort to "try out his contentions;" (2) the petition was time-barred as

25   Petitioner knew, or should have known, how much worktime credit he was receiving

26

27        [3] These earlier state habeas petitions raised ineffective assistance of counsel claims

28   and improper jury instruction claims.  Petitioner then filed a federal habeas petition
     raising these same contentions, which was denied and dismissed by Judge Houston on
     March 5, 2010.  (Case No.:08cv1288, Doc. No. 24.)

12cv473 AJB (WMC)

when he filed his original petition in Superior Court in 2007; and (3) the petition was nonetheless without merit because Penal Code § 2933.1(a) restricts worktime credits to 15% when the inmate has been convicted of a violent crime, and Penal Code § 667(c)(5) states that worktime credits shall not exceed one-fifth of the total term of imprisonment if the defendant has been previously convicted of a felony. (Id. at 4:9-25.) Thus, because Petitioner was convicted of residential burglary (a violent felony) and Petitioner admitted that he had previously been convicted of an unrelated felony, both section 2933.1(a) and section 667(c)(5) applied. (*Id*.) As a result, the California Court of Appeal found CDCR could legally restrict the rate of worktime credit to 15%, instead of the 20% rate currently applied. (*Id*. at 5:1-3.) Petitioner then filed a petition with the California Supreme Court on August 22, 2011, (Lodgment 7), which was summarily denied on February 1, 2012, (Lodgment 8).

Petitioner filed the federal Petition on February 24, 2012. (Doc. No. 1). On June 26, 2012, Respondent filed an answer, arguing that the Petition should be denied because it is untimely and procedurally barred, fails to state a federal question, and Petitioner is not entitled to the worktime credits he is requesting. (Doc. No. 9.) Petitioner filed a traverse on July 11, 2012. (Doc. No. 11.) On November 27, 2012, Magistrate Judge William McCurine, Jr. issued an R&R, recommending that the Court dismiss the Petition with prejudice because the Petition was time-barred and neither statutory or equitable tolling were inappropriate. (Doc. No. 12.) The R&R also found Petitioner's claim to additional credits without merit. (*Id.*) After neither party filed written objections to the R&R, the Court adopted the R&R in full and denied the Petition. (Doc. No. 13.)

On January 17, 2013, Petitioner informed the Court that his failure to respond or otherwise object to the R&R was excusable because: (1) he never received a copy of the R&R; (2) he was admitted to Atascadero State Hospital ("the Hospital") from November 27, 2012 to December 17, 2012; and (3) upon returning from the Hospital he was immediately placed in administrative segregation, whereby he did not have access to any of his personal property for three weeks. (Doc. No. 16.) Therefore, the Court granted

1  Petitioner's request, sent a copy of the R&R to Petitioner, and allowed Petitioner

2  additional time to respond or otherwise file objections to the R&R.  On March 15, 2013,

3  Petitioner filed his objections to the R&R, (Doc. No. 21), and on March 26, 2013,

4  Respondent filed a reply, (Doc. No. 22).[4]

5  ## DISCUSSION

6      The R&R recommended dismissal of the Petition because the Petition was filed

7  after the one year statute of limitations had expired, and neither statutory nor equitable

8  tolling applied.  The R&R also recommended dismissal of the Petition on the merits,

9  finding that Petitioner is not eligible for day-for-day credits under California Penal Code

10  Section 2933.1(a).  Petitioner objects to the R&R on two grounds.  First, Petitioner

11  contends the Petition is timely because the statute of limitations could not have com-

12  menced until June 2010, after he was placed in Group 1A-A and eligible to receive

13  worktime credits; and second, Petitioner contends any "worktime" credits disallowed

14  under Penal Code 2988.1(a), should nonetheless be awarded as conduct/behavior credits.

15  The Court addresses each in turn.

16  **I.   Statute of Limitations**

17      The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

18  No. 104-132, 110 Stat. 1214, created a one-year statute of limitations for the filing of a

19  federal habeas petition by a state prisoner. The applicable statute of limitations is set forth

20  in 28 U.S.C. Section 2244(d) as follows:

21      (1) A 1-year period of limitation shall apply to an application for a writ of habeas
       corpus by a person in custody pursuant to the judgment of a State court. The

22     limitation period shall run from the latest of --
          (A) the date on which judgment became final by the conclusion of

23        direct review or the expiration of the time for seeking such review;
          (B) the date on which the impediment to filing an application created

24        by State action in violation of the Constitution or laws of the United
          States is removed, if the applicant was prevented from filing by such

25        State action;
          (C) the date on which the constitutional right asserted was initially

26        recognized by the Supreme Court, if the right has been newly recog-

27  _____

28      [4] Petitioner also filed a reply to Respondent's reply, (Doc. No. 26), which the Court
    struck from the docket as an impermissible sur-reply filed without leave of Court, (Doc.
    No. 27).

nized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, because state action did not imped Petitioner from filing the instant Petition (subdivision (d)(1)(B)), and worktime credits are not a "newly recognized" right (subdivision (d)(1)(C)), the statute of limitations commenced on either the date Petitioner's judgment became final (subdivision (d)(1)(A)), or the date the factual predicate of the claims presented could have been discovered by Petitioner through the exercise of reasonable diligence (subdivision (d)(1)(D)).

The following table presents a list of the dates relevant to the statute of limitations:

| Date | Event |
|---|---|
| September 15, 2006 | Petitioner sentenced to nineteen years and eight months in state prison.  (Lodgment 4 at 1.) |
| September 21, 2006 | Petitioner's prison term begins and he is entered into the IWTIP.  (Lodgment 3, Ex. G.) |
| June 21, 2007 | Petitioner files state habeas petition in trial court raising issues unrelated to the instant Petition.  (Case No.: 08cv1288, Doc. No. 1 at 3:13-14.) |
| August 17, 2007 | State habeas petition denied because direct appeal was still pending. *(Id.* at 3:14-16.) |
| October 29, 2007 | Petitioner files second state habeas petition in trial court raising issues unrelated to the instant Petition.  *(Id.* at 3:17-19.) |
| December 20, 2007 | State habeas petition denied because the claims were procedurally barred and could have been raised on direct appeal.  *(Id.* at 3:19-23.) |
| November 14, 2007 | California Supreme Court denies review of Petitioner's underlying conviction. |
| December 21, 2007 | Petitioner files third state habeas petition in trial court raising issues unrelated to the instant Petition.  *(Id.* at 3:23-26.) |
| January 10, 2008 | State habeas petition denied.  *(Id.* at 3:26-4:1.) |

| | |
|---|---|
| January 10, 2008 | Petitioner files state habeas petition in California Court of Appeal raising issues unrelated to the instant Petition.  (*Id.* at 4:2-3.) |
| April 9, 2008 | California Court of Appeal denies petition.  (*Id.* at 4:3-7.) |
| February 12, 2008 | Petitioner's underlying conviction becomes final.  (Case No. 12cv473, Lodgment 2.) |
| April 18, 2008 | Petitioner files state habeas petition in California Supreme Court raising issues unrelated to the instant Petition.  (Case No.: 08cv1288, Doc. No. 24 at 4:7-9.) |
| June 18, 2008 | California Supreme Court summarily denies petition.  (*Id.* at 4:9-10.) |
| May or June 2010 | Petitioner assigned to Group A1-A and given work assignment. |
| June 1, 2010 | Petitioner files administrative appeal on the issue of worktime credits. |
| June 9, 2010 | Petitioner's administrative appeal denied. |
| June 18, 2010 | Petitioner files second administrative appeal on the issue of worktime credits. |
| July 21, 2010 | Petitioner's second administrative appeal denied. |
| August 9, 2010 | Petitioner files third administrative appeal on the issue of worktime credits. |
| December 28, 2010 | Petitioner's third administrative appeal denied. |
| April 30, 2011 | Petitioner files state habeas petition in trial court regarding worktime credits.  (Lodgment 3.) |
| July 1, 2011 | State habeas petition denied.  (Lodgment 4.) |
| July 20, 2011 | Petitioner files habeas petition in California Court of Appeal regarding worktime credits.  (Lodgment 5.) |
| August 8, 2011 | California Court of Appeal denies the petition.  (Lodgment 6.) |
| August 22, 2011 | Petitioner files habeas petition in California Supreme Court regarding worktime credits.  (Lodgment 7.) |
| February 1, 2012 | California Supreme Court denies the petition.  (Lodgment 8.) |
| February 23, 2012 | Petitioner files instant federal habeas Petition (mailbox rule applies).  (Doc. No. 1.) |

Respondent contends the operative date for the commencement of the limitations period was the date Petitioner's judgment became final.  (Doc. No. 9 at 8.)  As a result, under subdivision (d)(1)(A), Respondent argues that the limitations period commenced

on February 12, 2008, and expired on February 12, 2009, three years and eleven days before Petitioner filed the instant Petition.  Alternatively, the Superior Court, California Court of Appeal, and the R&R, each found that the operative date for the commencement of the limitations period was the date the factual predicate of the claims presented could have been discovered by Petitioner through the exercise of reasonable diligence.  As a result, under subdivision (d)(1)(D), the limitations period commenced on September 21, 2006, when Petitioner's first entered prison and was enrolled in IWTIP, and expired on September 21, 2007, four years, five months, and two days before Petitioner filed the instant federal habeas petition.

Conversely, Petitioner contends, as he did before Judge McCurine, that the limitations period did not commence until at least June 2010, when he was moved to Group A1-A and given his first work assignment.[5]  (Doc. No. 11 at 5; Doc. No. 21 at 2-3.)  As a result, Petitioner objects to the commencement date selected by the R&R, arguing that prior to June 2010, he was not given a work assignment and therefore did not know that he would not receive day-for-day credits, nor would he have had standing to bring such a claim.[6]  (Doc. No. 25 at 4:8-12.)  Accordingly, Petitioner contends that the factual predicate of his claim was not discovered, nor could it have been discovered, even through the exercise of reasonable diligence, until June 2010 when he realized he was not receiving such credits.

After a review of the record and applicable case law, the Court is inclined to agree with Petitioner.  Although Petitioner admitted that upon entering prison he was immediately placed into IWTIP, and provided a copy of the California Department of Corrections Operations Manual, Petitioner was not given a work assignment until June 2010—which was the first time he became eligible to actually earn worktime credits.

---

[5]  Petitioner only states when he believes the statute of limitations commenced, and not when he believes the limitations period expired.  By implication however, if the limitations period commenced in or around June 2010, under AEDPA, absent statutory or equitable tolling, the limitations period would have expired in or around June 2011.

[6] Petitioner contends that when he first entered prison he was placed in Group U and Group A2-B, neither of which made him eligible for a work assignment.

Thus, before this date, Petitioner would not have had standing to challenge an award, or failure to award, credits not yet earned. See *Redd v. McGrath*, 343 F.3d 1077, 1082 (holding that "the factual basis of Redd's habeas claims was the [Board's] denial of his administrative appeal"); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance."). Thus, the Court declines to adopt the R&R's recommendation regarding the commencement of the limitations period. However, even if the Court sustains Petitioner's objections to the R&R, and finds that the limitations period commenced in or around June 2010, the Petition filed on February 23, 2012 would nonetheless be untimely absent statutory or equitable tolling. Accordingly, although not specifically addressed by Petitioner in his objections, the Court considers whether statutory tolling applies to Petitioner's instant claims.

### A.      Statutory Tolling Pursuant to 28 U.S.C. § 2244(d)(2)

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitations period is tolled during the pendency of any "properly filed" collateral attack in the state courts. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennet*, 531 U.S. 4, 7–8, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). A petition is not "properly filed" if it is untimely or an improper successive petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (holding that an untimely petition is not "properly filed" under section 2244(d)(2)); *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("For tolling to be applied based on a second round, the petition cannot be untimely or an improper successive petition.").

For California habeas proceedings, collateral review is considered to be "pending" during the interim between a writ being denied at one court level and a new petition being filed at the next higher court level as long as the petition at the next level is filed within

"a reasonable period of time." *Porter*, 620 F.3d at 958 (citing *Carey v. Saffold*, 536 U.S. 214, 222–25, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002)); *Evans v. Chavis*, 546 U.S. 189, 192–93, 126 S. Ct. 846, 163 L .Ed. 2d 684 (2006).  The U.S. Supreme Court has held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal court must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans*, 546 U.S. at 198.

In determining whether a California state petition is timely, the Ninth Circuit has instructed that district courts should operate on the assumption that California law does not differ significantly from the laws of other States, i.e., that California's "reasonable time" standard does not lead to filing delays substantially longer than those in States with determinate timeliness rules. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (citing *Evans,* 546 U.S. at 198); *accord. Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011).  Specifically, a petitioner's delays should be compared to the short periods of time, 30 to 60 days, that most states provide for filing an appeal. *Velasquez*, 639 F.3d at 967 (citing *Evans*, 546 U.S. at 201).  In applying this standard, the Ninth Circuit has held that "unexplained gaps of as short as 115 and 101 days between habeas petitions are 'unreasonable.' " *Id*. (citing cases).  District courts within the Ninth Circuit have found even shorter gaps of 93 and 97 days to be unreasonable. *Id.* (citing cases).

Nevertheless, there are circumstances and periods of time when no statutory tolling is allowed.  For example, no statutory tolling is allowed for the period of time between finality of an appeal and the filing of an application for post-conviction or other collateral review in state court, because no state court application is "pending" during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006-07 (9th Cir. 1999).  Similarly, no statutory tolling is allowed for the period between finality of an appeal and the filing of a federal petition. *Id.* at 1007.  And finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. *See Gaston v. Palmer*, 447 F.3d 1165, 1166 (9th Cir. 2006).

As stated above, the Court finds the statute of limitations commenced on Petitioner's instant federal habeas petition on June 1, 2010. The Court further finds that the time period between June 1, 2010 and December 28, 2011, is tolled based on Petitioner's administrative appeal regarding his alleged right to the additional credits. *See Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004).[7] Therefore, Petitioner had an additional 210 days to file the instant Petition, extending the deadline from June 1, 2011 to December 28, 2011.

Although the time period during which Petitioner was pursuing his administrative appeal is tolled, the time period between the final denial of his administrative appeal and the date on which Petitioner filed a state habeas petition in Superior Court is not tolled. Therefore, the Court finds the 123 days between December 28, 2010 (final denial of administrative appeal) and April 30, 2011 (date Petitioner files state habeas petition in Superior Court) is not tolled. *See Nino*, 183 F.3d at 1006 ("AEDPA's statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval."). However, the Court finds the time period between April 30, 2011 and February 1, 2012, wherein Petitioner was pursuing his habeas petition in state court, is tolled. 28 U.S.C. § 2244(d)(2). Therefore, Petitioner had an additional 277 days to file the instant Petition, extending the deadline from December 28, 2011 to September 30, 2012.[8]

---

[7] The statute of limitations period was tolled from: (1) June 1, 2010 to June 9, 2010 while Petitioner's first round administrative appeal was pending (8 days); (2) June 9, 2010 to June 18, 2010 as a reasonable time between administrative appeals (9 days); (3) June 18, 2010 to July 21, 2010 while Petitioner's second round administrative appeal was pending (33 days); (4) July 21, 2010 to August 9, 2010 as a reasonable time between administrative appeals (19 days); and (5) August 9, 2010 to December 28, 2010 while Petitioner's final administrative appeal was pending (141 days).

[8] The statute of limitations period was tolled from: (1) April 30, 2011 to July 1, 2011 while Petitioner's state habeas petition was pending in Superior Court (62 days); (2) July 1, 2011 to July 20, 2011 as a reasonable time between appeals (19 days); (3) July 20, 2011 to August 8, 2011 while Petitioner's state habeas petition was pending in the California Court of Appeal (19 days); (4) August 8, 2011 to August 22, 2011 as a reasonable time between appeals (14 days); and (5) August 22, 2011 to February 1, 2012 while Petitioner's state habeas petition was pending in the California Supreme Court (163

1    Accordingly, after accounting for statutory tolling under 28 U.S.C. § 2244(d)(2),

2 the Court finds the Petition filed on February 23, 2012 was timely.  As a result, the Court

3 does not address the application of equitable tolling, and DECLINES to adopt the R&R's

4 findings and recommendations with regard to the timeliness of the instant Petition.

5 **II.    Petitioner's Entitlement to Credits**

6    Having found the Petition timely, the Court next considers whether Petitioner has

7 stated a claim for relief.  The R&R recommended dismissal of the Petition on its merits

8 because Petitioner's ability to earn credits is governed by California Penal Code Section

9 2933.1(a), which states that "any person who is convicted of a felony offense listed in

10 subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit,

11 as defined in Section 2933."  Therefore, because Petitioner was convicted of one count of

12 residential burglary, which is defined as a violent felony pursuant to Penal Code Section

13 667.5(c)(21), the R&R found Petitioner fell within the parameters of Section 2933.1(a),

14 and thus could only earn 15% of his worktime credits.  This finding was endorsed by the

15 Superior Court and the California Court of Appeal.

16    Petitioner objects to the R&R, arguing that the R&R failed to address CDCR

17 Operations Manual Section 53130.3.2, which Petitioner claims is an unambiguous and

18 mandatary grant of credits to all "inmates sentenced to prison on non-life terms, whose

19 crimes were committed on or after January 1, 1938."  Petitioner also argues that Penal

20 Code Section 667.5, and Penal Code Section 2933.1, only apply to worktime credits, and

21 if the Legislature intended to limit both worktime and behavior/conduct credits they

22 could have left the word "worktime" out of both Sections.  Accordingly, because the

23 statutory limitation only expressly applies to worktime credits, Petitioner contends the

24 remaining credits should be awarded to him as behavior/conduct credits.

25    The Court finds Petitioner's contentions without merit.  A prisoner does not

26 automatically have a constitutionally guaranteed liberty interest in behavior credits for

27 satisfactory behavior during incarceration.  *Wolff v. McDonnell*, 418 U.S. 539, 557, 94 S.

28 ——————————————

days).

Ct. 2963, 41 L. Ed. 2d 935 (1974); *Carlo v. City of Chino*, 105 F.3d 493, 497 (9th Cir. 1997).  Thus, although a state may create a liberty interest in behavioral credits by provisions in state law (e.g., statutes or prison regulations), such liberty interests may be constrained and/or limited by the actual wording of such regulations.  *Superintendent v. Hill*, 472 U.S. 445, 453, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986).

Pertinent here, under California Penal Code Section 2931, prisoners who committed crimes before 1983 were entitled to receive good time credits, which allowed a reduction of the prisoner's sentence in exchange for good behavior and participation in prison activities such as work or educational programs.  Cal. Penal Code § 2931. However, in 1983, California Penal Code § 2933 took effect, dictating a new credit scheme.  Cal. Penal Code §§ 2931(d), 2933. Under § 2933, prisoners no longer earn behavioral credits, but rather are eligible to earn day-for-day worktime credits.  Cal. Penal Code § 2933(a).  Section 2933 also explicitly states that the ability to earn "[w]orktime credit is a privilege, not a right." Cal. Penal Code § 2933(b).  Finally, on September 21, 1994, California Penal Code § 2933.1 took effect as a limitation on the award of § 2933 credits to prisoners convicted of certain violent felonies.  Under § 2933.1, prisoners incarcerated for violent felonies as defined in Penal Code § 667.5(c), are limited to earning only fifteen percent of the work credits established in § 2933.  Cal. Penal Code § 2933.1(a).

In the present case, a jury convicted Petitioner on July 12, 2006 of: (1) corporal injury to a cohabitant (Penal Code § 273(a)): (2) residential burglary (Penal Code §§ 459, 460); (3) vandalism causing $10,000 or more in damage (Penal Code § 594(a)(b)(1); and (4) an attempt to make a criminal threat (Penal Code §§ 422, 664).[9]  (Lodgment 1 at 5.) Thus, the provisions of Penal Code Section 2931 are inapplicable and Section 2933 governs Petitioner's ability to earn credits.  Therefore, because § 2933 was enacted to

---

[9] Petitioner also admitted to a strike prior to his conviction (Penal Code § 667(b)-(I), a serious felony prior to his conviction (Penal Code §667(a)), and a prior prison term (Penal Code §667.5(b)).  (Lodgment 1 at 5.)

1    ensure that inmates serve their entire sentence, except for worktime credits, and at least
2    one of Petitioner's commitment offenses constitute a violent felony subject to the fifteen
3    percent limit on worktime credits, Petitioner is unable to earn more than 15% of the
4    worktime credits allowable under §2933.  Cal. Penal Code § 2933(a); Cal. Penal Code §
5    667.5(c)(21) (burglary of the first degree as defined in Penal Code Section 460).

6         Likewise, Petitioner's contentions that the Department of Corrections Operations
7    Manual ("DOM") provides a mandatory right to such credits is without merit.  A liberty
8    interest is not created by DOM Sections 53130.3, 53130.3.1, 53130.3.2, and 53130.5.
9    DOM Section 53130.3.2 states: "Inmates sentenced to prison on non-life terms, whose
10   crimes were committed on or after 1–1–83, shall automatically be eligible to receive
11   day-for-day credits under the provisions of [Penal Code § ] 2933."  Thus, by its own
12   terms, this regulation applies to inmates to the extent they are eligible under California
13   Penal Code § 2933.  Moreover, as explained in the R&R, California Penal Code section
14   1191.3 directs the sentencing court to explain to a defendant that the law "permits" an
15   inmate to earn credits "up to" half of the sentence.  The statute however does not bestow
16   any right to receive credits; it merely requires inmates receive notice of its provisions.
17   Thus, section 1191.3 does not create a protectible liberty interest in earning credits.  *See*
18   *Sandin*, 515 U.S. at 483–84.

19        Therefore, the Court finds Petitioner does not have an established liberty interest in
20   credits earned under §§ 2933 and 2933.1, and the loss of credits earned pursuant to these
21   statutes does not implicate the federal due process clause.  *See Olim v. Wakinekona*, 461
22   U.S. 238, 250, 103 S. Ct. 1741, 75 L. Ed. 2d 813(1983) (federal due process is not
23   violated when there is no liberty interest to protect); *People v. Ramos*, 50 Cal. App. 4th
24   810, 817, 58 Cal. Rptr. 2d 24, 27 (Cal. Ct. App. 1996) (finding that by its terms, Section
25   2933.1 applies to the offender not to the offense, and so limits a violent felon's conduct
26   credits irrespective of whether or not all of his or her offenses come within section
27   667.5).  Accordingly, the Court finds Petitioner's claims without merit and DENIES the
28   Petition.

1

## CONCLUSION

2     For the reasons stated above, the Court DENIES the Petition, (Doc. No. 1),

3 ADOPTS IN PART the R&R (Doc. No. 12), DENIES Petitioner's request for an

4 evidentiary hearing, and DENIES a certificate of appealability.  *Miller-El v. Cockrell*,

5 537 U.S. 322, 349, 123 S. Ct. 1029, 1046, 154 L. Ed. 2d 931 (2003) ("Section 2253(c)(2),

6 however, provides that '[a] certificate of appealability may issue . . . only if the applicant

7 has made a substantial showing of the denial of a constitutional right.' "); *Cullen v.*

8 *Pinholster*, 131 S. Ct. 1388, 1392, 179 L. Ed. 2d 557 (2011) *reh'g denied*, 131 S. Ct.

9 2951, 180 L. Ed. 2d 239 (U.S. 2011) (stating that "a federal habeas court is 'not required

10 to hold an evidentiary hearing' when the state-court record 'precludes habeas relief

11 under § 2254(d)'s limitations").  The Clerk of Court is instructed to close the case.

12

13

14

15 IT IS SO ORDERED.

16

17 DATED:  May 13, 2013

18                                             Hon. Anthony J. Battaglia

19                                             U.S. District Judge

20

21

22

23

24

25

26

27

28

12cv473 AJB (WMC)